UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80600-CV-MIDDLEBROOKS/Brannon

KEPLER LAURORE,

    Plaintiff,

v.

WELLS FARGO, N.A.,

    Defendant.

_____/

**ORDER ON MOTION TO COMPEL ARBITRATION**

THIS CAUSE is before the Court on Defendant Wells Fargo, N.A.'s Motion to Compel Arbitration, Stay Action, and for Attorney's Fees, filed on July 26, 2018. (DE 8). Plaintiff filed a Response in opposition to the motion on August 21, 2018 (DE 13), to which Wells Fargo replied on August 28, 2018 (DE 16). The motion is granted in part, as set forth below.

**Background**

Plaintiff opened an account at Wells Fargo and alleges that sometime thereafter, he received "unsolicited and incessant" cell phone calls to collect an alleged debt that Plaintiff had incurred in the use of his bank account. (DE 1 at 4). Plaintiff's complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA), and the Florida Consumer Collection Practices Act (FCCPA), Florida Statutes §§ 559.55 - 559.785. (DE 1).

Wells Fargo moves to compel arbitration of these claims, arguing that when Plaintiff opened his deposit account in July of 2016, he was informed of and agreed to Wells Fargo's "Customer Account Agreement" (the "Agreement") which states that to resolve "disputes," Plaintiff or Wells Fargo could "initiate arbitration" and that both parties "agree to waive the right to a jury trial or a trial in front of a judge in public court" (the "Arbitration Provision"). (DE 8 at

Ex. B). Wells Fargo argues that Plaintiff consented to the Arbitration Provision by filling out and submitting an account application (the "Application") confirming receipt of the Agreement and reiterating: "I also agree to the terms of the dispute resolution program described in [the Agreement]" and "under the dispute resolution program, our disputes will be decided before one or more neutral persons in an arbitration proceeding and not by a jury trial or trial before a judge." (DE 8 at Exh. A).

Plaintiff argues that the Arbitration Provision is not binding on him because (1) he did not initial or sign the Application or the Agreement containing the provision and therefore Wells Fargo cannot establish there was ever a "meeting of the minds" regarding arbitration, (2) this particular dispute is outside the scope of the Arbitration Provision because the objectionable phone calls took place in 2018, two years after he submitted his account Application, and (3) the Arbitration Provision is unconscionable. (DE 13).

## Legal Standard

In considering the instant Motion, the Court applies the federal substantive law of arbitrability, which applies to any arbitration agreement within the coverage of the Federal Arbitration Act ("FAA"). *See Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1170 (11th Cir. 2011) (quoting *Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004)). The FAA covers any "written provision in any . . . contract evidencing a transaction involving commerce," 9 U.S.C. § 2. Section 4 of the FAA permits a court to compel arbitration when one party has failed, neglected, or refused to comply with an arbitration agreement. *See* 9 U.S.C. §4. "[T]he Act leaves no room for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985)

(emphasis in original). In determining whether to compel arbitration, the Court considers three factors: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *See, e.g., Mercury Telco Group, Inc. v. Emprese de Telecom. de Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1354 (S.D. Fla. 2009).

## Discussion

The fundamental issue presented here is whether a valid agreement to arbitrate exists. "Federal law establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of such agreements." *Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316, 1322 (11th Cir. 2001) (citation omitted). Traditional contract-based principles of offer and acceptance guide the determination of whether a valid arbitration agreement exists. *See Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016).

Plaintiff denies the existence of a valid arbitration agreement, and it is axiomatic that "parties cannot be forced to submit to arbitration if they have not agreed to do so." *Chastain v. Robinson-Humphrey Co.*, 957 F. 2d. 851, 854 (11th Cir. 1992). Thus, a Plaintiff can raise a genuine issue of fact regarding the validity of an arbitration agreement by (1) making an "unequivocal denial that there was an agreement," and (2) producing evidence to "substantiate the denial." *Schoendorf v. Toyota of Orlando*, 2009 WL 1075991, at *4 (M.D. Fla. Apr. 21, 2009) (citing *Chastain*). If an agreement to arbitrate is put "in issue," the Federal Arbitration Act provides that the court "shall proceed summarily to the trial thereof." 9 U.S.C. § 4. In reviewing a motion to compel arbitration, the Court applies "a summary judgment-like standard," and "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if there is no genuine dispute as to any material fact concerning the formation of such an

agreement." *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016) (internal quotation and citation omitted).

Here, Plaintiff seeks to put the formation of the agreement to arbitrate at issue by pointing to the fact that the Application and Agreement are not initialed or signed by Plaintiff, and therefore no "meeting of the minds" occurred regarding binding arbitration. This is not enough, however. "A contract may be binding on a party despite the absence of a party's signature. The object of a signature is to show mutuality or assent, but these facts may be shown in other ways, for example, by the acts or conduct of the parties." *Gateway Cable T. V., Inc. v. Vikoa Const. Corp.*, 253 So. 2d 461, 463 (Fla. Dist. Ct. App. 1971), *cited favorably by Consol. Res. Healthcare Fund I, Ltd. v. Fenelus*, 853 So. 2d 500, 504 (Fla. Dist. Ct. App. 2003) (reversing trial court's denial of nursing home's motion to compel arbitration of negligence and wrongful death claims notwithstanding plaintiff's argument that the nursing home admission agreement was invalid because of defective signature placement of nursing home's representative; reasoning that assent to the contract had been demonstrated through performance).

Plaintiff does not deny that he filled out and submitted the Application for an account, and he does not deny that he in fact maintained an account at Wells Fargo thereafter. His conduct was therefore consistent with the Application and Agreement, and manifested his assent to the terms. The language of the Arbitration Provision was clear, and the arbitration requirement was referenced in both documents. Under these circumstances, the lack of Plaintiff's signature does not invalidate the Agreement.

I reject Plaintiff's argument that the Arbitration Provision does not cover Plaintiff's TCPA and FCCPA claims. These claims qualify as "disputes" under the provision, having arisen

4

out of Plaintiff's application for and use of a Wells Fargo account. I also reject Plaintiff's argument that the Arbitration Provision was unconscionable.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant Wells Fargo, N.A.'s Motion to Compel Arbitration, Stay Action and for Award of Attorney's Fees (DE 8) is **GRANTED IN PART**.

2. Defendant Wells Fargo, N.A. and Plaintiff Kepler Laurore shall arbitrate this matter consistent with the provisions set forth in the Agreement. The proceedings are hereby **STAYED**, and the Parties shall file a joint-status report within 14 days after the arbitration award is issued.

3. Defendant's request for attorney's fees in filing the Motion to Compel Arbitration is **DENIED.**

4. The Clerk of Court shall administratively **CLOSE THIS CASE.**

5. All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 27 day of September, 2018.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record